## In re ANDREWS.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

ATTORNEY AND CLIENT (§ 38*)—DISBARMENT OF ATTORNEY—GROUNDS.

Where an attorney falsely represented to a widow that he had been retained as attorney for a specified person to bring an action for partition, and had been authorized by the client to raise sufficient money to meet the expenses of the action, and upon such representations obtained $200 from her for expenses of litigation, and spent it for his personal needs, never repaying it, his only defense being that he expected to be retained to institute the suit, and that his personal necessities compelled him to obtain and use the money as he did, his conduct requires disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 38.*]

Proceedings to disbar Herbert F. Andrews, an attorney. Judgment of disbarment.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 133 App. Div. 900, 118 N. Y. Supp. 1093.

Argued before CLARKE, LAUGHLIN, SCOTT, McLAUGH-LIN, and DOWLING, JJ.

Arthur S. Hamlin, for petitioner.

Walter K. Griffin, for respondent.

CLARKE, J. It appears from the evidence that on October 27, 1903, the respondent represented to a widow that he had been retained as attorney for a specified person to bring an action for partition of certain premises, and stated in writing:

"I shall file the summons, complaint, and notice of pendency of action on the 28th day of October, 1903, and expect to procure a sale of said property under a decree of the Supreme Court within three, or at the latest four, months. I am authorized by my client to raise sufficient money to meet the expenses of the action, and have this day borrowed the sum of $250 from Mrs. Alice M. Hodgkins, giving her my note at four months, indorsed by Louis C. Whiton, who is to appear for and represent the interests of Charles F. Dennison, and agree to pay the same out of the costs and disbursements of the action, which must pass through my hands. I have made this statement for the express purpose to induce Mrs. Hodgkins to advance the sum mentioned."

Respondent also promised to obtain and deliver to Mrs. Hodgkins a paper, signed by his said client, authorizing the respondent to borrow the money to be used in said partition suit, and that the money so advanced was to be used for the purpose of paying the disbursements in such action. Relying upon these promises and representations, Mrs. Hodgkins drew $200 from the Savings Bank and gave it to the respondent. Upon his own testimony, within 48 hours thereafter he had spent all of said sum for his own personal needs, and intended so to do when he made the representations and borrowed the money. He had never been retained by the client, George H. Dennison, as he certified; nor had Mr. Whiton been retained to appear as special guardian for Charles F. Dennison; nor did he upon the 28th day of October, 1903, or at any other time, file the summons, complaint, and notice of pendency of action of the said purported partition suit; nor had he been authorized to borrow money to pay the necessary disbursements thereof. He did not obtain and deliver to Mrs. Hodgkins any such authorization; nor did he ever expend any moneys for the purposes for which he purported they were obtained from her. He has never paid back any of the sum so borrowed. Upon several occasions he gave her small checks, all of which were returned by the bank unpaid. She subsequently obtained a judgment for said amount, upon which the execution was returned unsatisfied, and an execution against the person was issued. He was under arrest for three days, and upon the limits for six months.

Upon these facts there is no dispute in the evidence. The defense interposed is solely ad misericordiam, that he believed that he was going to be retained to institute the suit referred to, and that his personal necessities were such as compelled him to obtain and use the money as he did. Such conduct renders the perpetrator unfit to remain a member of the honorable profession of the law.

The judgment of this court is that the respondent must be disbarred. All concur.